**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1772
_____

CESAR OBED ALMENDARES,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
(No. A094-777-946)
Immigration Judge: Mirlande Tadal

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 30, 2025

Before: KRAUSE, PORTER, and ROTH, *Circuit Judges*.

(Filed: March 12, 2025)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

PORTER, *Circuit Judge*.

Cesar Obed Almendares, a citizen of Honduras, petitions for review of a Board of Immigration Appeals (BIA) order affirming an Immigration Judge's denial of his motion to reopen removal proceedings. For the reasons below, we will deny the petition in part and dismiss the petition in part.

I

Almendares entered the United States unlawfully in 1999 as a minor. In March 2020, he applied for asylum, withholding of removal, and protection under the Convention Against Torture. In July of that same year, the Immigration Judge denied Almendares's application and ordered he be removed to Honduras. Four months later, the BIA affirmed the Immigration Judge's order.

In February 2024, through new counsel, Almendares moved to reopen his BIA proceeding. The BIA held, and neither party disputed, that Almendares's motion to reopen was untimely since it was filed well after the ninety-day window to do so. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The BIA understood Almendares to be arguing that the agency should have equitably tolled the filing deadline based on ineffective assistance of counsel or exercised its authority to sua sponte reopen the case.

The BIA rejected Almendares's arguments for reopening. First, it held that Almendares had not complied with the procedural requirements for an ineffective assistance of counsel claim imposed by *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). Moreover, it ruled that Almendares had not sought to redress his attorney's alleged errors, or pursue cancellation of removal, with the requisite diligence. Finally, the

2

BIA declined to exercise its sua sponte authority to reopen. Almendares filed a timely petition for review to this Court.[1]

## II

## A[2]

The BIA understood Almendares to be arguing for equitable tolling based on ineffective assistance of counsel. Almendares now claims that his argument for equitable tolling is "not based on ineffective assistance of counsel but on the fundamental error made in his case, not only by [his] former counsel but also by the Immigration Judge and the [Department of Homeland Security's] Assistant Chief Counsel." Opening Br. at 5. Almendares claims the agency abused its discretion by "ignor[ing] substantial evidence demonstrating the fundamental unfairness" in his proceedings before the Immigration Judge that violated his due process rights. *Id.* at 7.

The alleged errors of the Immigration Judge or the Assistant Chief Counsel in Almendares's immigration proceeding are not relevant to our consideration of equitable tolling. For equitable tolling purposes, the relevant extraordinary circumstances are those

---

[1] The BIA had jurisdiction over Almendares's motion to reopen under 8 C.F.R. § 1003.2. We have jurisdiction over Almendares's petition for review under 8 U.S.C. § 1252(a).

[2] Motions to reopen are disfavored and granted only under compelling circumstances. *Darby v. Att'y Gen.*, 1 F.4th 151, 159 (3d Cir. 2021). We review the BIA's denial of a motion to reopen for abuse of discretion. *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002). The BIA's decision is entitled to "broad deference," *Ezeagwuna v. Ashcroft*, 325 F.3d 396, 409 (3d Cir. 2003) (quotation marks omitted), and it "will not be disturbed unless [it is] found to be arbitrary, irrational, or contrary to law," *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004) (quotation marks omitted).

that would have prevented Almendares from filing his motion to reopen sooner. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

To be sure, to the extent that Almendares maintains that he received ineffective assistance of counsel, such an argument "can serve as a basis for equitable tolling if substantiated and accompanied by a showing of due diligence." *Alzaarir v. Att'y Gen.*, 639 F.3d 86, 90 (3d Cir. 2011). But here, the BIA did not abuse its discretion in declining to apply equitable tolling on the basis of ineffective assistance of counsel. For one, we see no error in the BIA's determination that Almendares failed to meet the threshold procedural requirements imposed by *Matter of Lozada*.[3] Nor did the BIA err in determining that Almendares failed to show the requisite due diligence in pursuing his claim through his eventual filing in February 2024—almost four years after his allegedly flawed immigration proceeding, and nearly three years after retaining new counsel to

---

[3] In *Lozada*, the BIA imposed three threshold requirements for all motions to reopen premised on an ineffectiveness claim: (1) the motion "should be supported by an affidavit of the allegedly aggrieved [noncitizen] attesting to the relevant facts"; (2) "former counsel must be informed of the allegations and allowed the opportunity to respond," and any response, or "failure or refusal to respond, should be submitted with the motion"; and (3) "the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not." 19 I. & N. Dec. 637, 639 (B.I.A. 1988). The BIA found that Almendares failed to comply with all of these requirements.

4

pursue his claims. *See Alzaarir*, 639 F.3d at 90 ("Due diligence must be exercised over the entire period for which tolling is desired." (citation omitted)).

B

Almendares also challenges the BIA's refusal to reopen the matter sua sponte. Because such decisions are discretionary and "functionally unreviewable," we generally lack jurisdiction to review them. *Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 651 (3d Cir. 2017). We have jurisdiction where the BIA relied on an incorrect legal premise or departed from a settled practice. *Id.* at 651–52.

Almendares fails to raise either exception to the jurisdictional bar that applies to challenges to an agency's denial of a motion to reopen sua sponte. The BIA did not rely on an incorrect legal premise and did not depart from a settled course of adjudication in its handling of Almendares's case. Therefore, we lack jurisdiction and must leave the BIA's decision undisturbed.

*     *     *

Accordingly, we will dismiss the petition with respect to the motion for sua sponte reopening and deny the petition in all other respects.

5